UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1. James D. Blue
2. Cade B. Brown
3. James R. Brown
4. Ricky D. Burns
5. James C. Calhoun
6. John M. Clift
7. Kelly T. Crowder
8. Chad E. Daugherty
9. Joshua L. Gregston
10. Bryan L. Karns
11. Duke R. Keeling
12. Michael P. Lotdahl
13. Matthew D. McCombs
14. Matthew W. McNabb
15. Freddie A. Moore
16. Dustin P. Myers
17. Charles M. Peak
18. Rodney K. Peters
19. Jeffrey D. Peyton
20. Richard T. Prather
21. Jonathan E. Renepe
22. John C. Seyler
23. Blair A. Smith
24. David D. Smith
25. Todd W. Smith
26. Nicholas C. Timmons
27. Tyler C. Tompkins
28. Travis K. Triplett
29. Michael Wise
30. Brett Wright

Civil Action No.: CIV-20-1210-G

**JURY TRIAL DEMANDED**

| |
|---|
| 31. Dave D. Wright |
| |
| Plaintiffs, |
| v. |
| City of Chickasha, Oklahoma |
| Defendant. |

## COMPLAINT

1. The plaintiffs are current and former employees of the defendant City of Chickasha, Oklahoma ("City" or "Chickasha"), and they bring this action on behalf of themselves and other employees similarly situated. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiffs James D. Blue, Cade B. Brown, James R. Brown, Ricky D. Burns, James C. Calhoun, John M. Clift, Kelly T. Crowder, John M. Clift, Kelly T. Crowder, Chad E. Daugherty, Joshua L. Gregston, Bryan L. Karns, Duke R. Keeling, Michael P. Lotdahl, Matthew D. McCombs, Matthew W. McNabb, Freddie A. Moore,

2

Dustin P. Myers, Charles M. Peak, Rodney K. Peters, Jeffrey D. Peyton, Richard T. Prather, Jonathan E. Renepe, John C. Seyler, Blair A. Smith, David D. Smith, Todd W. Smith, Nicholas C. Timmons, Tyler C. Tompkins, Travis K. Triplett, Michael Wise, Brett Wright, and David D. Wright are current or former employees of the defendant City of Chickasha, Oklahoma ("City" or "Chickasha") in the Chickasha Fire and Emergency Medical Service Department ("Department"). The plaintiffs are similarly situated because they have been subject to the same policy and/or practice, described below, whereby the defendant failed to include Longevity Payments in their regular rate of pay for purposes of calculating overtime.

4. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party-plaintiff in this action, which are appended hereto as **Exhibit 1**. Should other individuals similarly situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

5. The defendant in this action is the City of Chickasha, Oklahoma, which has a principal place of business within the City of Chickasha.

6. Defendant City of Chickasha is, and has been at all times material herein, a "public agency" and an "employer" within the meaning of 29 U.S.C. §§ 203(x) and 203(d).

## FACTS

7. From November 16, 2017, as well as before and continuing to date, while working as fire fighters and emergency responders in the City of Chickasha's Fire and EMS Department, plaintiffs have been regularly assigned to work a recurring schedule of 24 hours on duty and 48 hours off duty.

8. The City has adopted a 14-day FLSA work period, pursuant to 29 U.S.C. § 207(k), with a corresponding overtime threshold of 106 hours in each work period. Accordingly, under the FLSA, the City must pay plaintiffs one and one-half times their "regular rate" of pay for all work suffered or performed in excess of 106 hours during each 14-day work period. *See* 29 U.S.C. §§ 207(a), 207(k).

9. As a result of the plaintiffs' recurring schedule, the City regularly suffers or permits plaintiffs to work in excess of the applicable 106-hour overtime threshold in a 14-day work period.

10. For example, in a 14-day work period in which plaintiffs work five regularly scheduled 24-hour shifts, defendant has suffered or permitted at least 120 hours of work, including at least 14 hours of overtime work beyond the 106-hour overtime threshold.

11. In addition to their base rates of pay, plaintiffs earn certain contractual incentive payments pursuant to the governing collective bargaining agreement ("CBA").

12. One of the contractual incentives under the CBA, called "Longevity Pay," is paid as a lump sum on the first regularly scheduled payroll in December. It is

calculated at $7.00 per month per year of service. Both the amount and payment of Longevity Pay are set by contract, and therefore it is a non-discretionary bonus.

13. As a non-discretionary bonus, Longevity Pay must be included in the regular rate of pay when calculating overtime compensation. *See* 29 C.F.R. § 778.207(b); 29 C.F.R. § 778.211; *see also Featsent v. City of Youngstown*, 70 F.3d 900, 902-905 (6th Cir. 1995) (nondiscretionary longevity payments pursuant to a collective bargaining agreement and City ordinance must be included in the regular rate); *Moreau v. Klevenhagen*, 956 F.2d 516, 521 (5th Cir. 1992) (longevity payments that are required by an ordinance and a bargaining agreement may not be excluded from the regular rate), *aff'd*, 123 L. Ed. 2d 584, 113 S. Ct. 1905 (1993).

14. However, for the time period of October 16, 2017, as well as before, and continuing through the present and ongoing, the City has failed and continues to fail to incorporate the Longevity Pay into plaintiffs' regular rate of pay when calculating their overtime compensation.

## COUNT I:

## VIOLATION OF SECTION 7 OF THE FAIR LABOR STANDARDS ACT

15. Plaintiffs reallege, and incorporate by reference herein, paragraphs 1 through 14 of the Complaint.

16. Section 7 of the FLSA, 29 U.S.C. § 207, as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include all remuneration/premium payments that are made in

addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

17. Defendant's failure to include premium payments/all qualifying remuneration in plaintiffs' regular rates of pay violates section 207(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b) (non-overtime premiums must be included in the regular rate at which overtime is paid). The failure to include these premium payments in plaintiffs' regular rates means that when plaintiffs are paid for overtime for working over the applicable hourly threshold (106 hours for a 14-day work period), they are paid at a rate that is below the rate mandated by the FLSA.

18. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of defendant, or defendant's agents, and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

19. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back-pay damages for the defendant's failure to pay overtime compensation.

20. The failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful and reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

21. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, the plaintiffs pray that this Court grant relief against the defendant as follows:

(a) Enter a declaratory judgment declaring that the defendant have willfully and wrongfully violated their statutory and legal obligations and deprived plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

(c) Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

(d) Award plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Date: November 16, 2020

Respectfully submitted,

/s/ Douglas D. Vernier
Douglas D. Vernier, Esq., OBA #18615
ATTORNEY AT LAW, P.C.
5601 N.W. 72nd Street, Suite 178-O
Oklahoma City, Oklahoma 73132
Telephone: (405) 843-9675
dvernierlawok@cox.net

Diana J. Nobile, Esq.
(seeking admission *pro hac vice*)
John W. Stewart, Esq.
(seeking admission *pro hac vice*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW, Suite 1000
Washington, D.C. 20005
Tel: (202) 833-8855
Fax: (202) 452-1090
djn@mselaborlaw.com
jws@mselaborlaw.com

*Counsel for Plaintiffs*