IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES BLUE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. CIV-20-1210-G |
| | ) | |
| THE CITY OF CHICKASHA, OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION AND BRIEF FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND BRIEF IN SUPPORT OF MOTION**

Comes now the Parties in this action, to jointly request approval of the attached Fair Labor Standards Act ("FLSA") Settlement Agreement (Exhibit A) as fair and reasonable and for dismissal of this action with prejudice. In support of this motion, the Parties set forth as follows:

Plaintiffs are 31 individuals employed or formerly employed by the Defendant, City of Chickasha, Oklahoma (City), in its Fire and Emergency Medical Service Department. On December 1, 2020, they filed a complaint in the United States District Court for the Western District of Oklahoma, seeking overtime pay pursuant to the FLSA.

Plaintiffs have alleged that the City failed to properly pay them overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.*, and that, as a result, they were entitled to backpay, liquidated damages, a three-year statute of limitations and attorneys' fees and costs. Specifically, plaintiffs allege that the City failed to include contractual incentive payments in their "regular rate" for purposes of calculating overtime.

In its Answer, Defendant generally denied liability, denied that Plaintiffs were

entitled to liquidated damages, a three-year statute of limitations, and attorneys' fees and costs. On or about December 3, 2020, the Plaintiffs learned that the City had not issued the longevity checks required to be paid to each employee covered by the collective bargaining agreement ("CBA") on the first regularly scheduled pay period in December. The City's failure to pay is the subject of a December 11, 2020 grievance, currently being held in abeyance by agreement. If litigation were to continue in the above-captioned case, Plaintiffs would seek to amend their Complaint in order to plead a claim of unlawful retaliation, in violation of the FLSA. Defendant denies Plaintiffs' allegations of retaliation.

After several months of good-faith negotiations, all Parties have agreed to settle the matters in dispute between and among them pursuant to the terms of the attached Settlement Agreement. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by settlement and dismissal of the Plaintiffs' FLSA claims and of the above-referenced grievance, dated December 11, 2020. The Parties have concluded that the terms of the Settlement Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

This action is a consolidation of individual claims on behalf of 31 individual and thus does not require the Court to review the settlement in the same manner as a collective action filed pursuant to 29 U.S.C. § 216(b). However, to the extent the Court decides to do so, the parties respectfully submit that the settlement is, in fact, fair and reasonable to the individual Plaintiffs in this action. The settlement is based on the Plaintiffs' calculations of potential damages owed using the City's own pay and

timekeeping data, taking into consideration the risk in proving Plaintiffs' claims, and the Defendant's defenses to liability.

The settlement agreement, its terms, and the amounts being distributed to each plaintiff have been specifically reviewed by each Plaintiff, and all Plaintiffs have agreed to its terms. On August 2, 2021, the Chickasha City Council approved the Settlement Agreement, which was executed fully on September 14, 2021.

In light of the foregoing, the Parties respectfully request that the Court enter an order approving the Settlement Agreement as fair and reasonable, and dismissing the Plaintiffs' claims with prejudice. A Proposed Order is attached.

September 15, 2021

Respectfully submitted,

/s/ Diana J. Nobile
Diana J. Nobile, Esq.
(admitted *pro hac vice*)
John W. Stewart, Esq.
(admitted *pro hac vice*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW, Suite 1000
Washington, D.C. 20005
Tel: (202) 833-8855
Fax: (202) 452-1090
djn@mselaborlaw.com
jws@mselaborlaw.com

Douglas D. Vernier, Esq., OBA #18615
ATTORNEY AT LAW, P.C.
5601 N.W. 72nd Street, Suite 178-O
Oklahoma City, Oklahoma 73132
Telephone: (405) 843-9675
dvernierlawok@cox.net
*Counsel for Plaintiffs*

/s/ Margaret McMorrow-Love,
Margaret McMorrow-Love, Esq., OBA #5538
John J. Love, OBA #5536
LOVE LAW FIRM
228 Robert S. Kerr Ave. Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848
Fax: (405) 235-3863
Email: mml@lovelawfirm.legal

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrants:

Margaret McMorrow-Love, Esq., OBA #5538
LOVE LAW FIRM
228 Robert S. Kerr Ave. Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848
Fax: (405) 235-3863
Email: mml@lovelawfirm.legal

*Counsel for Defendant*

                                               /s/ Diana J. Nobile
                                               Diana J. Nobile