IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES BLUE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. CIV-20-1210-G |
| ) | |
| THE CITY OF CHICKASHA, OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made and entered into by and among all the Parties in the captioned case, namely Plaintiffs, each of whom are identified in Exhibit A attached hereto, and who have consented to be party Plaintiffs in the captioned case, and the Defendant, the City of Chickasha, Oklahoma (the "City" or the "Defendant"), and is based on the following:

**I.     RECITALS**

1.1     Plaintiffs are 31 individuals employed or formerly employed by the City, in its Fire and Emergency Medical Service Department. On December 1, 2020, they filed a complaint in the United States District Court for the Western District of Oklahoma, seeking overtime pay pursuant to the Fair Labor Standards Act ("FLSA").

1.2     In the above-captioned case (the "Lawsuit"), Plaintiffs have alleged that the City failed to properly pay them overtime compensation under the FLSA, 29 U.S.C. § 201 *et seq.*, and that, as a result, they were entitled to backpay, liquidated damages, a three-year statute of limitations and attorneys' fees and costs. Specifically, plaintiffs allege that the City failed to include contractual incentive payments in their "regular rate" for purposes of calculating overtime.

1

1.3 In its Answer, Defendant generally denied liability, denied that Plaintiffs were entitled to liquidated damages, a three-year statute of limitations, and attorneys' fees and costs.

1.4 On or about December 3, 2020, the Plaintiffs learned that the City had not issued the longevity checks required to be paid to each employee covered by the collective bargaining agreement ("CBA") on the first regularly scheduled pay period in December. The City's failure to pay is the subject of a December 11, 2020, grievance, currently being held in abeyance by agreement. If litigation were to continue in the above-captioned case, Plaintiffs would seek to amend their Complaint in order to plead a claim of unlawful retaliation, in violation of the FLSA. Defendant denies Plaintiffs' allegations of retaliation.

1.5 All of the Parties have agreed to settle the matters in dispute between and among them pursuant to the terms of this Agreement. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by settlement and dismissal of the Plaintiffs' FLSA claims and of the above-referenced grievance, dated December 11, 2020. The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.6 The Parties, through their counsel, by separate motion, will seek judicial approval of this Settlement Agreement. In the event the proposed settlement contained in this Agreement is not finally approved by the Court, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II. **PAYMENT AND DISTRIBUTION**

2.1 In consideration for the terms, conditions, and promises in this Agreement, the City, in accordance with paragraph 2.2, shall pay or cause to be paid to Plaintiffs a total of $141,710.91

("the Settlement Amount"). The Settlement Amount and its distribution are agreed to among the Parties to compromise, settle, and satisfy the Released Claims described in paragraph 3.1 below, liquidated damages related to the Released Claims, and all attorneys' fees and expenses related to the Released Claims. The Settlement Amount will be divided and distributed to and on behalf of Plaintiffs as follows:

(a) Thirty-one payroll checks for back pay totaling a pre-tax amount of $59,101.00 ("the Back Pay Amount"), which shall be made payable and distributed to each of the individual Plaintiffs in accordance with the pre-tax amounts set forth in Exhibit A to this Agreement, and to which the City shall apply all applicable deductions and withholdings for that individual Plaintiff (the "Individual Back Pay Amounts Less Applicable Deductions");

(b) Thirty-one checks for liquidated damages totaling $44,351.57 ("the Liquidated Damages Amount"), which shall be made payable and distributed to each of the individual Plaintiffs in accordance with the pre-tax amounts set forth in Exhibit A to this Agreement (the "Individual Liquidated Damages Amounts"); and

(c) One check or electronic transfer in the amount of $38,258.34, payable to Plaintiffs' counsel, McGillivary Steele Elkin LLP, representing reimbursed attorneys' fees and expenses (the "Attorneys' Fees Amount").

2.2  Plaintiffs' counsel shall provide the City with a W-9 and electronic transfer instructions within three business days after the Parties have executed this Agreement.

2.3  The City shall pay the Settlement Amount within 30 days after the date that the Court enters an Order approving this Agreement. After this 30-day period, interest shall accrue on any unpaid Settlement Amount at the rate set forth in 12 Okla. Stat §727.1(I).

and with the advice of counsel, fully and forever releases, acquits, and discharges the City, all present or former Mayors, City Council members, its departments, agencies, employees, agents, attorneys, accountants, administrators, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from all Fair Labor Standards Act claims asserted in the Lawsuit and/or Fair Labor Standards Act claims for unpaid overtime or retaliation that could have been asserted in the Lawsuit, including the allegations set forth in the grievance of December 11, 2020, up to and through December 31, 2020 (the "Released Claims").

      3.2    All Plaintiffs agree that they are entering this Agreement knowingly, voluntarily, and with full knowledge of its significance. Each Plaintiff affirms that he/she has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement, and he/she has been advised to consult with an attorney.

## IV.    DISMISSAL OF CLAIMS

      4.1    Upon the City's execution of the Agreement and the Court's Order approving the Settlement Agreement, Plaintiffs agree to:

    (a)    The dismissal of all claims asserted in the Lawsuit against the City with prejudice as specified in paragraph 3.1; and

    (b)    The withdrawal of the grievance filed December 11, 2020.

## V.    CONTINUED JURISDICTION

      5.1    The U.S. District Court for the Western District of Oklahoma shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising under this Agreement.

## VI.  PARTIES' AUTHORITY

7.1   The signatories hereby represent that they are fully authorized to enter this Agreement and to bind the parties hereto to the terms and conditions hereof.

7.2   All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and that this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

## VII.  MUTUAL FULL COOPERATION

7.1   The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## VIII.  ENFORCEMENT ACTIONS

8.1   In the event that one or more of the parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Agreement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

8.2   This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any Party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## IX.  MODIFICATION

9.1     This Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## X.   ENTIRE AGREEMENT

10.1    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling.

## XI.  VOIDING THE AGREEMENT

11.1    In the event this Agreement does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all parties.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

McGILLIVARY STEELE ELKIN LLP
   1101 Vermont Street N.W., Suite 1000
   Washington, D.C. 20005

By: /s/ _Diana J. Nobile_____
   Diana J. Nobile
   *Counsel for Plaintiffs*

Dated: __9/14/21_____

THE CITY OF CHICKASHA, OK

By: /s/ _____

Dated: __Sept. 7, 2021_____

8

EXHIBIT A

| Ref # | First Name | Last Name | Suffix | (W-2) TOTAL BACKPAY | (1099-MISC) TOTAL LIQUIDATED DAMAGES | TOTAL BACKPAY AND LIQUIDATED DAMAGES | (1099-MISC) PROPORTIONAL FEES AND EXPENSES |
|---|---|---|---|---|---|---|---|
| 1 | James | Blue | II | $ 2,668.08 | $ 2,096.03 | $ 4,764.11 | $ 1,761.85 |
| 2 | Cade | Brown | | $ 1,136.20 | $ 790.06 | $ 1,926.26 | $ 712.37 |
| 3 | James | Brown | | $ 1,597.50 | $ 1,422.63 | $ 3,020.13 | $ 1,116.90 |
| 4 | Ricky | Burns | | $ 2,354.51 | $ 1,841.43 | $ 4,195.94 | $ 1,551.72 |
| 5 | James | Calhoun | | $ 3,126.27 | $ 2,635.05 | $ 5,761.32 | $ 2,130.62 |
| 6 | John | Clift | | $ 3,020.11 | $ 2,087.69 | $ 5,107.80 | $ 1,888.94 |
| 7 | Kelly | Crowder | | $ 731.14 | $ 640.17 | $ 1,371.31 | $ 507.13 |
| 8 | Chad | Daugherty | | $ 823.01 | $ 625.69 | $ 1,448.70 | $ 535.75 |
| 9 | Joshua | Gregston | | $ 962.45 | $ 725.76 | $ 1,688.21 | $ 624.33 |
| 10 | Bryan | Karns | | $ 4,066.37 | $ 2,890.52 | $ 6,956.89 | $ 2,572.76 |
| 11 | Duke | Keeling | | $ 2,632.63 | $ 1,805.62 | $ 4,438.25 | $ 1,641.33 |
| 12 | Michael | Lofdahl | | $ 807.80 | $ 668.54 | $ 1,476.34 | $ 545.97 |
| 13 | Matthew | McCombs | | $ 1,887.02 | $ 1,391.17 | $ 3,278.19 | $ 1,212.32 |
| 14 | Matthew | McNabb | | $ 1,249.74 | $ 783.58 | $ 2,033.32 | $ 751.95 |
| 15 | Freddie | Moore | Jr. | $ 3,393.61 | $ 2,503.02 | $ 5,896.63 | $ 2,180.66 |
| 16 | Dustin | Myers | | $ 865.44 | $ 641.39 | $ 1,506.83 | $ 557.25 |
| 17 | Charles | Peek | | $ 2,811.22 | $ 2,102.79 | $ 4,914.01 | $ 1,817.28 |
| 18 | Rodney | Peters | | $ 2,565.54 | $ 2,058.07 | $ 4,623.61 | $ 1,709.88 |
| 19 | Jeffrey | Peyton | | $ 1,373.90 | $ 1,155.13 | $ 2,529.03 | $ 935.27 |
| 20 | Richard | Prather | | $ 4,864.14 | $ 2,954.74 | $ 7,818.88 | $ 2,891.54 |
| 21 | Jonathan | Rempe | | $ 1,292.87 | $ 1,171.34 | $ 2,464.21 | $ 911.30 |
| 22 | John | Seyler | | $ 820.07 | $ 624.60 | $ 1,444.67 | $ 534.26 |
| 23 | Blair | Smith | | $ 805.31 | $ 619.14 | $ 1,424.45 | $ 526.78 |
| 24 | David | Smith | | $ 1,677.95 | $ 1,175.26 | $ 2,853.21 | $ 1,055.16 |
| 25 | Todd | Smith | | $ 2,710.20 | $ 1,973.03 | $ 4,683.23 | $ 1,731.93 |
| 26 | Nicholas | Timmons | | $ 990.14 | $ 736.01 | $ 1,726.15 | $ 638.36 |
| 27 | Tyler | Tompkins | | $ 851.27 | $ 636.14 | $ 1,487.41 | $ 550.07 |
| 28 | Travis | Triplett | | $ 994.86 | $ 737.75 | $ 1,732.61 | $ 640.75 |
| 29 | Michael | Wise | | $ 897.27 | $ 653.17 | $ 1,550.44 | $ 573.38 |
| 30 | Brett | Wright | | $ 1,515.85 | $ 1,115.28 | $ 2,631.13 | $ 973.03 |
| 31 | Dave | Wright | | $ 3,608.53 | $ 3,090.77 | $ 6,699.30 | $ 2,477.50 |
| | | | | $ 59,101.00 | $ 44,351.57 | $ 103,452.57 | $ 38,258.34 |